MEMO ENDORSED

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

PAUL RUDOLPH FOUNDATION, INC.,

    *Plaintiff*,

v.

PAUL RUDOLPH HERITAGE FOUNDATION,
*and* ERNST WAGNER,

    *Defendants*.

Civil Action No. 20-cv-8180 (CM)(SLC)
ECF Case

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/21

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

Hon. Colleen McMahon, United States District Judge:

WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to, and during the course of, discovery in this case;

WHEREAS, the Parties have met-and-conferred per Rule 26 regarding the need for confidentiality and, through counsel, have agreed to the terms recited below following good faith negotiation;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties each acknowledge that each Party has and maintains the burden of persuasion insofar as establishing any confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

1

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" and "Highly Confidential Discovery Material," respectively) shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential such material (regardless of how it is generated, stored or maintained) the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and such materials may include:

   a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b) previously nondisclosed material relating to ownership or control of any non-public company;

   c) previously nondisclosed business plans, product development information, or marketing plans;

   d) any information of a personal or intimate nature regarding any individual; or

   e) any other category of information given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only such material (regardless of how it is generated, stored or maintained) the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and such materials may include:

   a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b) previously nondisclosed technical information or trade secrets; or

   c) any other category of information hereinafter given highly confidential – attorneys' eyes only status by the Court.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. Unless otherwise agreed to by counsel, or Ordered by the Court, during the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only. Nothing in this paragraph is intended to waive the right of any party at any time before trial to re-designate any portion of a deposition transcript as permitted under ¶ 7 and subject to challenge per ¶ 11, *infra*.

6. A producing party that makes documents or materials available for inspection need not designate them for protection until after the discovering party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the documents and materials made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the discovering party.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be redesignated as Confidential or Highly Confidential – Attorneys' Eyes Only (or withdrawn), she, he, or it may so redesignate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order. Such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall not make any further disclosure or communication of such redesignated material except as provided for in this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a) the Parties to this action, their insurers, and counsel to their insurers;
   b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
   c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;
   d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
   e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
   f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
   g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;
   h) stenographers engaged to transcribe depositions conducted in this action; and
   i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

   a) Outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;
   b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;
   c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    e) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f) stenographers engaged to transcribe depositions conducted in this action; and

    g) this Court, including any appellate court, and the court reporters and support personnel for the same.

10. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), 8(c), or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and, if requested, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") by serving a written objection upon the producing party's counsel. The producing party or its counsel shall thereafter within a reasonable time respond to such objection in writing by either: (a) agreeing to remove the designation; or (b) stating the reason why the designation was made. If the objecting party and the producing party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the producing party unless and until the Court orders otherwise.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Upon receiving the request, the receiving Party subject to such obligation shall timely inform the third party of the request. The third party may seek a protective order or other relief from this Court before the receiving Party is obligated to produce the requested Discovery Material. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court prior to the deadline for production set forth by the Federal Rules of Civil Procedure, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations)

may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow this Court's Individual Practices in Civil Cases. All persons producing Confidential or Highly Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential or Highly Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.

16. If a party inadvertently produces or provides discovery which it believes is subject to a claim of attorney-client or work product privilege, the producing party may give written notice to the discovering party that the information is subject to a claim of privilege and request that the information be returned to the producing party. The discovering party shall immediately return the information to the producing party and delete any electronically stored copies, and certify that it has returned or destroyed all copies. Within a reasonable time after notification that the inadvertently disclosed information has been returned and/or deleted, the producing party shall produce a privilege log with respect to the inadvertently disclosed information. The return of the information by the discovering party shall neither constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, nor foreclose any party from moving the Court for an order that the information has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

17. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personal Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, destroyed with certification of such destruction provided to the producing party.

20. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER. The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

Upon consent of the parties:

LEASON ELLIS LLP

/s/ Cameron S. Reuber
Cameron S. Reuber
Lauren Emerson
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Email: Reuber@leasonellis.com
Email: Emerson@leasonellis.com

*Attorneys for Plaintiff*
*Paul Rudolph Foundation*

SO ORDERED.

COLLEN IP

/s/ Jeffrey A. Lindenbaum
Jeffrey A. Lindenbaum
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562
914-941-5668
jlindenbaum@collenip.com

*Attorney for Defendants*

_____
Hon. Colleen McMahon
United States District Judge

6/9/2021

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL RUDOLPH FOUNDATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PAUL RUDOLPH HERITAGE FOUNDATION, *and* ERNST WAGNER, <br><br> *Defendants*. | Civil Action No. 20-cv-8180 (CM)(SLC) <br> ECF Case |

## NON-DISCLOSURE AGREEMENT

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____                         _____