

INTELLECTUAL PROPERTY LAW

July 9, 2021
**Via ECF**
The Honorable Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

                Re:   *Paul Rudolph Foundation v. Paul Rudolph Heritage Foundation*
                      Case No.: 1:20-cv-8180-CM (SDNY)

Dear Judge Cave:

      We represent Defendants Paul Rudolph Heritage Foundation and Ernst Wagner ("Defendants") and respectfully submit this letter to request a discovery conference to assist the parties resolve a dispute regarding keyword email searching under the Stipulated eDiscovery Protocol ("Protocol") entered in this matter [D.E. 47]. A copy of the relevant sections of the Protocol are attached as Exhibit A.

### **Meet and Confer Certification**
      Counsel certifies that in addition to written communications exchanged between counsel to try to resolve this dispute, counsel for the parties, namely Jeffrey Lindenbaum for Defendants and Cameron Reuber for Plaintiff, conducted a telephone conference on July 7, 2021 at 2:30 pm which lasted approximately fifteen minutes. During the call, counsel discussed the points outlined in this letter, and at the conclusion of this call agreed that an impasse had been reached requiring the Court's assistance.

### **Protocol Background**
      The Protocol sets forth, among other things, a procedure for keyword searching of emails. Ultimately, each party may select up to six (6) of its adversary's custodians and up to fifteen (15) keywords. The first step in the process, which is outlined in Section D(1), allows each party to send the other side a list of proposed keywords and a list of descriptions of the types of custodians which may have relevant emails. This first step addresses the problem occurring at the beginning of discovery; each side in litigation typically does not know the identity of individuals at their adversary who are responsible for certain company functions (e.g., marketing, accounting, customer service, etc.). Section D(1) allows the parties to request this background information before having to make its custodian selections.

      Under Section D(2), the parties then respond to the requests for custodian information by identifying who at their company may have emails related to: (1) the list of proposed keywords; and (2) the job descriptions provided in Section D(1). For example, the requesting party may say tell us who is responsible for accounting and who may have emails related to the keywords

Collen IP Intellectual Property Law, P.C., The Holyoke-Manhattan Building
80 South Highland Avenue, Ossining-on-Hudson, Westchester County, New York 10562, U.S.A.
Tel 914-941-5668   Fax 914-941-6091   www.collenip.com

"profits" and "royalties." The responding party then identifies which employees (custodians) may serve in that function or have emails related to those keywords.

Once the requesting party is provided the list of potential relevant custodians, the Parties, under Section D(3), may select up to six custodians, and select the keywords that they want those custodians to search. In this case, the Parties successfully navigated through the steps in D(1) and D(2).

**The Dispute**
A dispute arose when Defendants provided Plaintiff with its selection of custodians and its 15 keyword selections under Section D(3), using a keyword list which was not identical to the list of 15 keywords earlier provided under Section D(1). Plaintiff argues that the keyword list that was provided under D(1) to help Defendants identify relevant custodians, must be identical to the list of keywords selected by Defendants in D(3). Plaintiff is wrong.

Nowhere in the Protocol does it require a party to use the identical and unmodified list of step D(1) keywords in step D(3). In fact, during the negotiations of the Protocol, Plaintiff on May 21, 2021 had proposed that the agreement limit the D(3) selection of keywords to only those keywords identified in D(1). However, Defendants on May 26, 2021, rejected this restriction, specifically striking it from the Protocol. *See,* Ex. B (deleting restriction that search terms must be from those "agreed upon in D(1)"). Plaintiff accepted that this restriction was stricken, it was entered by the Court with this restriction stricken, and Plaintiff cannot now change its position.

Considering even the practical implications of this dispute, the modification to Defendants' keyword list creates no additional or duplicative work for Plaintiff because prior to step D(3) neither side has begun the email searches. Moreover, allowing a modification to the keyword lists between steps D(1) and D(3) is important because at step D(1) the requesting party is missing relevant information about the available, relevant custodians. The purpose of the proposed keywords in Section D(1) is to help the requesting party identify relevant custodians. Once the custodians are identified, the requesting party needs to be able to modify the keywords based on which custodians are ultimately selected.[1] For example, a party may serve an initial proposed list of keywords directed to accounting, marketing, sales and customer service. If it turns out that its adversary has no email custodian for customer service responsibilities, or the requesting party chooses not to select the customer service custodian, the list of keywords needs to be modified to shift from customer service keywords to keywords that are relevant to the actual available and selected custodians (which the requesting party does not know until step D(2)).

Perhaps more importantly, there is no harm or prejudice suffered by Plaintiff. Under the Protocol, Defendants are allowed to select up to 15 keywords, and that is what they have done. Plaintiff has not yet begun searching emails, so there is no duplicative work. Yes, Plaintiff had to consider and disclose who are its relevant custodians based on Defendants' initial proposed list, but it is required to do that either way under the Protocol. And yes, Plaintiff is now required to

---

[1] In this case it turned out that it did not matter because Plaintiff only had four custodians, so Defendants selected them all. But the point is that Defendants never waived their right to modify this list and had a reasonable basis to believe its list could later be modified.

search 15 terms, but it is also required to do that under the Protocol either way. Plaintiff's insistence on such a hard line rule against modifications to the keyword lists is also undermined by the fact that the Protocol already provides, under Section D(4), for further modifications, including for example, if the hit count for a particular term comes back too large.

Plaintiff has not raised any objection to the propriety of the actual requested terms (other than the timing of the modification to this list). In fact, Defendants' terms if anything are narrower than Plaintiff's own selection of keywords. See, Ex. C. Moreover, Plaintiff only has to search four (4) custodians, while Defendants are searching six.[2] Having not yet begun its keyword searches, Plaintiff will suffer no harm by searching the actual 15 terms that Defendants want searched rather than insisting that Plaintiff need only search the earlier list that Defendants had timely replaced.

**Relief Sought**

Defendants respectfully request that the Court compel Plaintiff to search the fifteen keywords that were timely served on June 29, 2021 (attached as Exhibit C), pursuant to Section D(3) of the Protocol, and that Plaintiff's unreasonable rejection of this list be overruled.

Thank you for your consideration.

> Very truly yours,
> COLLEN IP
> s/ Jeffrey A. Lindenbaum
> Jeffrey A. Lindenbaum
> jlindenbaum@collenip.com

cc: Counsel of Record (Via ECF)

---

Defendants' letter-motion for a discovery conference (ECF No. 55) is GRANTED. A telephone conference is scheduled for **Friday, July 16, 2021 at 10:00 am** on the Court's conference line. The parties are directed to call (866) 390-1828; access code: 380-9799, at the scheduled time. Per the Court's Individual Practices, any response to the letter-motion must be filed by **July 14, 2021**.

The Clerk of Court is respectfully directed to close ECF No. 55.

SO ORDERED     7/12/21

_SARAH L. CAVE_
United States Magistrate Judge

---

[2] Plaintiff has represented it only has four custodians.