

**LEASON ELLIS** INTELLECTUAL PROPERTY ATTORNEYS

One Barker Avenue
White Plains, New York 10601
T 914.821.3075
reuber@leasonellis.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/2021

December 10, 2021

**Cameron S. Reuber**
PARTNER

**VIA ECF**

The Honorable Colleen McMahon
U.S. District Court Judge
500 Pearl St.
New York, NY 10007-1312

Re: *Paul Rudolph Foundation v. Paul Rudolph Heritage Foundation*
Case No.: 1:20-cv-8180-CM (SDNY)

Dear Judge McMahon:

**MEMO ENDORSED**

[Handwritten annotation: 12/13/2021 I INSIST that Judge [illegible] try to mediate this case. I will not withdraw the [illegible] order. The parties [illegible] most participate in good faith & [illegible]]

We are lead counsel of record for Plaintiff Paul Rudolph Foundation ("Plaintiff") in this civil action. We write at the direction of our client to request that mediation proceedings in this case be terminated due to Plaintiff no longer having confidence that mediation will be productive in resolving this matter. The circumstances leading up to this unfortunate conclusion are as follows.

On 9/30, the Court entered an Order adjudicating a motion to dismiss filed by the defense. Dkt. 66. On 10/12, Plaintiff filed a Second Amended Complaint (SAC). Dkt. 67. On 10/15, Plaintiff filed a letter motion seeking a discovery conference to address Defendants' discovery misconduct. Dkt. 69. On 10/18, without any prior notice to Plaintiff, the defense submitted papers seeking to change counsel. Dkt. 71. Incoming defense counsel requested, and Plaintiff consented to, extensions of time to respond to the SAC and discovery motion, which the Court endorsed. Dkt. 73-77. On 11/3, defense counsel approached Plaintiff about the prospect of mediation, inclusive of jointly seeking a mediation referral and a stay of proceedings pending mediation; Plaintiff again consented. On 11/3, the defense filed a joint letter motion requesting the mediation referral, inclusive of the following requested relief:

> "Therefore, the Parties ask that the deadline to respond to the SAC be extended until fourteen (14) days following either (a) **conclusion of the requested mediation** or (b) denial of the referral request (or November 11, 2021, if later). Finally, depending upon the outcome of the mediation, all of the remaining dates in this matter will be impacted. As a result, the Parties shall in good faith propose a revised case management plan promptly following the submission of a response to the SAC." Dkt. 83 (emphasis added).

[Handwritten annotation: all [illegible] discovery / mediation [illegible] to complete / 120 days]

# LEASON ELLIS

The Honorable Colleen McMahon
December 10, 2021
Page 2

As fate would have it, however, the Court granted the mediation referral request on 11/16 (Dkt. 83) — five days <u>after</u> the defense filed an Answer to the SAC asserting 13 Affirmative Defenses and a Counterclaim for Copyright Infringement on 11/11. This complicated matters because the parties had originally contemplated a mediation (inclusive of a stay of proceedings) based solely on settling the now judicially-vetted claims asserted by the SAC. The parties decided to proceed with mediation anyway. The assigned mediator, Judge Cave, calendared a telephone conference for 12/2 to discuss mediation logistics. Dkt. 85. The parties appeared for the conference, inclusive of discussing case status and scheduling, the stay of proceedings pending completion of the mediation, and the fact that Plaintiff would be responding to the Answer and Counterclaim later that day due to the post-Answer referral order. Indeed, later that day, Plaintiff timely filed a motion to strike 9 of the 13 defenses for a variety of meritorious reasons, inclusive of the failure to support at least 5 defenses with any manner of factual allegations, let alone facts sufficient to make any given defense plausible. Plaintiff also moved to dismiss the counterclaim.

On 12/6, the defense requested to adjourn their response date to 2/25/22 (*i.e.*, a month after the scheduled 1/26/22 mediation). This request tacitly acknowledged that the parties both expected a timely response to be filed prior to the mediation, as originally contemplated by the filing of the Answer. Plaintiff declined, citing a need to understand not only the new facts and defenses asserted in order to mediate, but also the merits of a truly bizarre counterclaim that simply defies reason, discussed *infra*. The defense thereafter reiterated its request for an extension several times, before ultimately balking at responding altogether until after the mediation, citing the stay of proceedings ordered by Dkt. 83. When Plaintiff indicated that it needed to withdraw from the mediation as a result, the defense again cited the mediation order and demanded that Plaintiff comply with same, notwithstanding that Plaintiff remains at a loss to even make sense of the newly-injected defenses and counterclaim, let alone attend a mediation prepared to intelligently discuss their merits in the context of reaching a settlement.

Indeed, the counterclaim alone is truly unusual in that the pleading purports to assert and rely on facts in support of the claim that are not only demonstrably <u>false</u>, but which, if maintained by the defense at the mediation, demonstrate to Plaintiff that this matter has a 0% chance of settling because the defense is neither rational nor operating in good faith. Possibly both. Plaintiff moved to dismiss the claim because, among several other meritorious reasons (including a failure to plead **all four elements** of a valid copyright claim), the asserted copyright registration of 152 allegedly unpublished photographs includes **at least** 20 photos that are part of the Paul Rudolph Archive at the Library of Congress. The copyrights to the materials in the Archive are "dedicated to the public" per the 2001 Stipulation previously relied upon by the Court. *See* Dkt. 66.

# LEASON ELLIS

The Honorable Colleen McMahon
December 10, 2021
Page 3

Neither Plaintiff nor its counsel have the slightest clue as to how the defense reasonably believes that its pleadings are valid in light of the defects identified in Plaintiff's motions to strike and dismiss.[1] Moreover, beyond that obvious bar to mediating such matters, defense counsel has a history of making baseless and unsupported contentions in this case, which the Court saw fit to variously describe as "flawed," "misguided," and "ridiculous." (See Dkt. 66 at 18, 21, 24). Defendants are comprised of Ernst Wagner, a multimillionaire heir to the Paul Rudolph estate, and the Paul Rudolph Heritage Foundation, a copycat non-profit Wagner formed to compete with Plaintiff following his ouster as Plaintiff's founder and president. Defendants are being represented by at least three partner-level attorneys from two law firms. Accordingly, there is simply no good faith reason for Defendants to avoid addressing the merits (or lack thereof) of the claims and defenses they are asking Plaintiff to consider at a mediation. In sum, Plaintiff, a non-profit, does not wish to waste the Court's resources or its own on what has devolved into a fool's errand of a mediation.

**Wherefore**, Plaintiff respectfully requests that mediation proceedings in this case be terminated and the matter restored to the active calendar, inclusive of the Court setting deadlines for Defendants to respond to Plaintiff's motions to strike and dismiss (Dkt. 89-91) and request for a discovery conference (Dkt. 69).

Respectfully submitted,

*[signature]*

Cameron S. Reuber

---

[1] Perhaps the most maddening aspect of the Counterclaim is that Plaintiff commenced this action by alleging several facts that, on their face, eviscerate the validity of the U.S. Copyright Registration it is now accused of infringing 13 months later. See Dkt. 1 at 169-175. However, despite having over a year following service of that pleading to take corrective action relative to the defects alleged, Defendants not only steadfastly refused to do, but they also ostensibly failed to conduct even minimal due diligence into the merits of their claim. See Dkt. 90, at 11-17.