UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL RUDOLPH FOUNDATION, INC.,

                Plaintiff,

-v-                              CIVIL ACTION NO.: 20 Civ. 8180 (CM) (SLC)

PAUL RUDOLPH HERITAGE FOUNDATION and
ERNST WAGNER,                      **OPINION AND ORDER**

                Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the request of Defendants Paul Rudolph Heritage Foundation ("Heritage") and Ernst Wagner ("Wagner") (together, "Defendants") for an order directing Plaintiff Paul Rudolph Foundation, Inc. ("PRF") to re-designate 1,963 documents (the "Documents") and Second Supplemental Response and Objections to Defendants' Interrogatory No. 4 (the "Responses") that PRF produced with the designation "Confidential – Attorneys' Eyes Only" ("AEO"), or "find that the AEO designation should be lifted from all [D]ocuments." (ECF No. 121 (the "Request")). PRF opposes the Request, arguing, inter alia, that, with its AEO designations, PRF "seeks only to avail itself of the protections afforded by the Federal Rules designed to avoid giving a bad faith aggressor intelligence and information that can be used to inflict yet further harm." (ECF No. 122 (the "Opposition")).[1]

---

[1] PRF also argues that Defendants failed to comply with the Court's Individual Practices prior to filing the Request. Specifically, PRF "objects to Defendants' claim that the parties met and conferred . . . regarding 1,963 AEO-designated documents" and claims that "Defendants sought to confer regarding only [] 834 documents[.]" (ECF No. 122 at 1). PRF does not dispute, however, that it has designated 1,963 documents as AEO, and the Court will not require the parties to confer further on this issue.

Following an in camera review of an agreed sample of 20 Documents (the "Exemplars") and the Responses, the Court upholds PRF's AEO designation in full as to Exemplars 1 and 5 and in part as to Exemplars 2 and 4, and rejects its AEO designation as to the remaining Exemplars and the Interrogatory Responses. [2] Accordingly, the Request is GRANTED IN PART and DENIED IN PART, and PRF shall: (i) remove the AEO designation from portions of Exemplars 2 and 4 as set forth below, the entirety of Exemplars 3 and 6 through 20 (the "Re-Designated Exemplars"), and the Responses (the "Re-Designated Responses"); (ii) promptly review the rest of the Documents for potential re-designation consistent with this Opinion and Order; and (iii) by **February 15, 2023**, produce the Re-Designated Exemplars, the Re-Designated Responses, and any other re-designated Documents.

## II.  BACKGROUND

The factual background of this action is set out in detail in prior decisions by the Honorable Colleen McMahon, and is incorporated herein by reference.  See Paul Rudolph Found. v. Paul Rudolph Heritage Found., No. 20 Civ. 8180 (CM), 2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022) ("PRF II"); Paul Rudolph Found. v. Paul Rudolph Heritage Found., No. 20 Civ. 8180 (CM), 2021 WL 4482608 (S.D.N.Y. Sept. 30, 2021).  In short, "PRF claims that Heritage is nothing more than a copycat organization founded by Wagner to impede PRF's efforts to function without him."  PRF II, 2022 WL 4109723, at *1.  PRF "brings this seven-count action against Defendants for trademark infringement, willful copyright infringement, and related common law claims[,]" and "seeks a declaration that certain images of [Paul] Rudolph's work that were transferred to the Paul M. Rudolph Archive at the Library of Congress (and the intellectual property rights to

---

[2] The Court refers to the Exemplars by the number assigned by the parties.

those images dedicated to the public) are in the public domain, and that Defendants' copyright registration purporting to cover those images is therefore invalid." Id.

On June 9, 2021, the parties entered into a Protective Order Concerning Confidential Information (ECF No. 46 (the "Protective Order")), paragraph 3 of which provides that a party:

> may designate as Highly Confidential – Attorneys' Eyes Only such material (regardless of how it is generated, stored or maintained) the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and such materials may include:
>
> a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
>
> b) previously nondisclosed technical information or trade secrets; or
>
> c) any other category of information hereinafter given highly confidential attorneys' eyes only status by the Court.

(ECF No. 46 ¶ 3 ("Paragraph 3")).

On January 6, 2023, Defendants filed the Request and, on January 11, 2023, PRF filed the Opposition. (ECF Nos. 121–22). On January 17, 2023, the Court directed the parties to confer to select the Exemplars, and directed PRF to submit by January 20, 2023 the Exemplars and Responses for the Court's in camera review, which PRF did. (ECF No. 125).

### III. DISCUSSION

#### A. Burden of Proof

"The party seeking protection for its data bears the burden of establishing good cause for the issuance and continuation of a protective order." Saks Inc. v. Attachmate Corp., No. 14 Civ. 4902 (CM), 2015 WL 1841136, at *15 (S.D.N.Y. Apr. 17, 2015) (citing Gambale v. Deutsche Bank

AG, 377 F.3d 133, 142 (2d Cir.2004)); see ECF No. 46 ¶ 11 (providing that, on a motion to remove or modify an AEO designation, "it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation"). "Therefore, while [Defendants] ha[ve] made the [Request], it is [PRF] that bears the burden of demonstrating to this [C]ourt why the" AEO designation should remain on the Documents. Saks, 2015 WL 1841136, at *15.

### B. Application

The Court reviewed in camera the Exemplars and the Responses to determine whether PRF's AEO designations were proper. Neither party has addressed whether the Exemplars fall under the Protective Order's broader category of "Confidential" material (see ECF No. 46 ¶ 2), and the Court will not do so sua sponte. Therefore, nothing in this Opinion and Order impacts PRF's "Confidential" designation on any of the Documents, nor does the Court endorse any individual designation, and in the event PRF were to seek to file under seal any Document with a Confidential designation, it will be required to show good cause. See Saks Inc., 2015 WL 1841136, at *15.

Considering PRF's burden and the terms of the Protective Order, the Court reaches the following conclusions:

### 1. Exemplar 1

This document consists of PRF's balance sheet and profit-and-loss statement as of January 15, 2022. The Court finds that Exemplar 1 constitutes "previously nondisclosed financial information" as to which an AEO designation under Paragraph 3(a) of the Protective Order is appropriate. See Closed Joint Stock Co "CTC Network," v. Actava TV, Inc., No. 15 Civ. 8681 (GBD) (BCM), 2016 WL 1364942, at *4 (S.D.N.Y. Mar. 28, 2016) (noting that "detailed financial

4

information concerning a privately-held business, not previously disclosed to the public, will in most cases warrant confidential treatment"); Picard v. Katz, No. 11 Civ. 3605 (JSR), 2011 WL 5022923, at *1 (S.D.N.Y. Oct. 19, 2011) (noting that AEO designation prevented sharing of financial information with defendants' potential business partners); Nat'l Envelope Corp. v. Amer. Pad & Paper Co. of Del, Inc., No. 06 Civ. 12988 (SHS) (RLE), 2009 WL 229955, at *2 (S.D.N.Y. Jan. 30, 2009) (upholding AEO designation as to plaintiff's financial information). In addition, Defendants have not provided a persuasive reason why the specific amounts in Exemplar 1 must be shared beyond Defendants' counsel. Accordingly, the Court upholds the AEO designation for Exemplar 1.

### 2. Exemplar 2

This is a copy of the minutes of PRF's April 25, 2018 Board Meeting. Paragraph 2 of this document is entitled "Accounting" and references PRF's financial results, and therefore contains "previously nondisclosed financial information" under Paragraph 3(a) of the Protective Order entitled to an AEO designation. The remainder of Exemplar 2, however, does not contain previously nondisclosed financial information or any other information within the scope of Paragraph 3. Accordingly, PRF must remove the AEO designation from Exemplar 2 except as to paragraph 2.

### 3. Exemplar 3

This is a July 19, 2019 email from Network Solutions LLC confirming PRF's renewal of its internet domain names. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

4. **Exemplar 4**

This is a January 31, 2015 letter from PRF's president thanking an individual for their donation to PRF. Apart from the name and address of the donor, Exemplar 4 contains no information within the scope of Paragraph 3 and, thus, is not entitled to an AEO designation. Accordingly, PRF must remove the AEO designation from Exemplar 4 except as to the name and address of the donor.

5. **Exemplar 5**

This is a spreadsheet containing the names, addresses, and contact information of various entities and individuals. The Court infers that Exemplar 5 is a list of PRF's actual or potential donors, akin to a customer list, which, the Court can understand, PRF would not want to share with its direct competitors—Defendants. See Rodo Inc. v. Guimaraes, No. 22 Civ. 9736 (VSB), 2022 WL 17974911, at *1–2 (S.D.N.Y. Dec. 27, 2022) (collecting cases recognizing AEO designation as appropriate for customer lists where litigants are competitors in the same industry). Accordingly, the Court upholds the AEO designation as to Exemplar 5.

6. **Exemplar 6**

This is an August 2018 email chain among, inter alia, PRF employees regarding electronic invitations to a fundraising event. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

7. **Exemplar 7**

This is an email chain among, inter alia, PRF employees regarding a PRF benefit event and discussions regarding PRF's collection at the Library of Congress "(LOC)". It contains no

6

information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

8. **Exemplar 8**

This is a copy of a receipt from Facebook for an advertisement for a PRF event at the LOC. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

9. **Exemplar 9**

This is an August 2019 email chain among PRF employees regarding an "October LOC Visit." It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

10. **Exemplar 10**

This is a September 2019 email chain among PRF employees regarding items for discussion at a PRF Board Meeting, including Heritage and trademark registration. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

11. **Exemplar 11**

This is a copy of the minutes of PRF's October 7, 2015 Board Meeting. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**12. Exemplar 12**

This is a June 2018 email chain among PRF employees regarding Heritage's attendance at an LOC event. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**13. Exemplar 13**

This is an August 2016 email chain among, inter alia, PRF employees regarding response cards for a PRF benefit event. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**14. Exemplar 14**

This is an October 2019 email chain among PRF employees regarding the shutdown of PRF's Instagram account. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**15. Exemplar 15**

This is a December 30, 2019 email from an LOC employee to PRF employees regarding PRF's archive at the LOC. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**16. Exemplar 16**

This is a September 2020 email chain among PRF employees regarding an article published on www.archpaper.com. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**17. Exemplar 17**

This is an October 2019 email chain among PRF employees and a third party regarding the third party's opinion as to PRF's and Heritage's intellectual property rights. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**18. Exemplar 18**

This is a November 2015 email chain among PRF employees regarding draft minutes for the October 7, 2015 PRF Board Meeting. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**19. Exemplar 19**

This is a July/August 2016 email chain among PRF employees regarding planning for a PRF event. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**20. Exemplar 20**

This is a March 2015 email chain among PRF employees regarding new office space and a website for PRF, and Defendants' activities. It contains no information within the scope of Paragraph 3 and, accordingly, is not entitled to an AEO designation.

**21. The Responses**

The Responses discuss PRF's theories for and calculations of damages in this action. While PRF's damages estimates are undoubtedly derived from information that is appropriately designated AEO, see Shchegol v. Rabinovich, No. 98 Civ. 5616 (JSM) (RLE), 1999 WL 731605, at

*1 (S.D.N.Y. Aug. 20, 1999), PRF has failed to demonstrate why the estimates themselves warrant an AEO designation. Accordingly, the Responses are not entitled to an AEO designation.

## IV.  CONCLUSION

For the reasons set forth above, the Request is GRANTED IN PART and DENIED IN PART, and PRF shall: (i) remove the AEO designation from portions of Exemplars 2 and 4 as set forth herein, the entirety of Exemplars 3 and 6 through 20, and the Responses; (ii) promptly review the rest of the Documents for potential re-designation consistent with this Opinion and Order; and (iii) by **February 15, 2023**, produce the Re-Designated Exemplars, the Re-Designated Responses, and any other re-designated Documents.

Dated:	New York, New York
	February 3, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**