UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL RUDOLPH FOUNDATION, INC.,

                              Plaintiff,

        -v-

PAUL RUDOLPH HERITAGE FOUNDATION and
ERNST WAGNER,

                              Defendants.

CIVIL ACTION NO.: 20 Civ. 8180 (CM) (SLC)


**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Pursuant to the telephonic discovery conference held today, March 29, 2023 (the "Conference"), the Court orders as follows:

1. The Court finds that Mr. Dickinson's statements in his September 18, 2019 email to Mari Nakahara at the Library of Congress (the "Email") constitute a <u>very</u> narrow waiver of the attorney-client privilege as to communications between Mr. Dickinson and Barbara Hoffman, Esq. ("Ms. Hoffman") relating <u>only</u> to the Email, and do not constitute a broader waiver of the attorney-client privilege as to all advice Ms. Hoffman may have provided to Mr. Dickinson concerning purported copyright restrictions on the works of Paul Rudolph at the Library of Congress.  Accordingly, Defendants shall review the communications they have withheld as privileged and produce any communications between Mr. Dickinson and Ms. Hoffman concerning the Email.  See <u>Oxyn Telecommunications, Inc. v. Onse Telecom</u>, No. 01 Civ. 1012 (JSM), 2003 WL 660848, at *5 (S.D.N.Y. Feb. 27, 2003) (finding waiver as to "advice that was disclosed" but declining to extend waiver "to other documents that may contain similar (or different) advice on the same subjects . . . "); <u>In re Kidder Peabody Sec. Litig.</u>, 168 F.R.D. 459, 469 (S.D.N.Y. 1996) (finding that publication of report "constitute[d] a waiver of the privilege only for the communications or portions of

communications disclosed" in that report, and declining to compel production of other documents that "may have been considered by the authors of the report"). Following Defendants' supplemental production, Plaintiff may re-open Mr. Dickinson's deposition for no longer than one (1) hour of on-the-record time, limited to questions concerning any additional documents Defendants may have produced.

2. Defendants maintain that they are not asserting an advice-of-counsel defense, and, accordingly, the Court does not deem necessary at this time an in camera review of documents Defendants have withheld as privileged.

3. The Court GRANTS the parties a final fact discovery deadline extension to **Friday, April 21, 2023**.  By **Friday, April 28, 2023**, the parties shall file a joint letter certifying the completion of all discovery or raising any remaining issues for the Court's attention. Further extensions will not be granted absent extraordinary circumstances.

4. The parties shall order a transcript of the Conference and file it on the docket.  The parties shall submit a single request to: etranscripts@nysd.uscourts.gov by **Friday, March 31, 2023**.

Dated:     New York, New York          SO ORDERED.
           March 29, 2023

**SARAH L. CAVE**
**United States Magistrate Judge**