UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL RUDOLPH FOUNDATION, INC.,

                      Plaintiff,

-v-

                      CIVIL ACTION NO.: 20 Civ. 8180 (CM) (SLC)

PAUL RUDOLPH HERITAGE FOUNDATION and
ERNST WAGNER,

                      **OPINION AND ORDER**

                      Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

    Before the Court is the letter-motion of Plaintiff Paul Rudolph Foundation, Inc. ("PRF"), requesting a discovery conference concerning the refusal of Defendants Paul Rudolph Heritage Foundation ("Heritage") and Ernst Wagner ("Wagner") (together, "Defendants") to supplement their responses to certain interrogatories concerning their copyright counterclaim (the "Counterclaim"), which has been dismissed from this action. (ECF No. 148 ("PRF's Request"); see ECF No. 106). Defendants oppose PRF's Request as improper under Local Civil Rule 33.3 and as unnecessary given the deposition testimony of Defendants' witness, Kelvin Dickinson ("Dickinson"). (ECF No. 149). For the reasons set forth below, PRF's Request is DENIED.

    The factual background of this action is set out in detail in prior decisions by the Honorable Colleen McMahon and the undersigned, and is incorporated by reference. See Paul Rudolph Found. v. Paul Rudolph Heritage Found., No. 20 Civ. 8180 (CM) (SLC), 2023 WL 1515773 (S.D.N.Y. Feb. 3, 2023) ("PRF III") (granting in part and denying in part Defendants' request to compel PRF to re-designate documents produced as attorneys' eyes only); Paul Rudolph Found. v. Paul Rudolph Heritage Found., No. 20 Civ. 8180 (CM), 2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022)

("PRF II") (granting PRF's motion to dismiss the Counterclaim and denying in part PRF's motion to strike); Paul Rudolph Found. v. Paul Rudolph Heritage Found., No. 20 Civ. 8180 (CM), 2021 WL 4482608 (S.D.N.Y. Sept. 30, 2021) ("PRF I") (granting in part and denying in part Defendants' motion to dismiss). In brief, "PRF claims that Heritage is nothing more than a copycat organization founded by Wagner to impede PRF's efforts to function without him." PRF II, 2022 WL 4109723, at *1. PRF "brings this seven-count action against Defendants for trademark infringement, willful copyright infringement, and related common law claims[,]" and "seeks a declaration that certain images of [Paul] Rudolph's work that were transferred to the Paul M. Rudolph Archive at the Library of Congress (and the intellectual property rights to those images dedicated to the public) are in the public domain, and that Defendants' copyright registration purporting to cover those images is therefore invalid." Id.

On September 8, 2022, Judge McMahon granted PRF's motion to dismiss Defendants' Counterclaim, which she found to be "riddled with deficiencies." See PRF II, 2022 WL 4109723, at *6. Given the dismissal of the Counterclaim, PRF "intends"—when, it does not say, but presumably, after trial—to seek attorneys' fees and costs as a prevailing party under the Copyright Act, 17 U.S.C. § 505. (ECF No. 148 at 3). As a result, PRF contends that it needs information concerning "whether Defendants conducted a good faith investigation prior to asserting" the Counterclaim. (Id.) To that end, PRF seeks supplemental responses from Defendants as to the following interrogatories:

> Interrogatory No. 12 to PRHF/No. 9 to Wagner: Identify each and every Document or Thing concerning Your claim that You own each photograph in U.S. Copyright Reg. No. VAu001380158 [the "Copyright"], including Your claims that the photographs were "created as 'work for hire'", "were not among those [photographs] selected by the Library of Congress as part of the Paul M Rudolph Bequest", "are part of the residuary estate which passed to Wagner", and were

2

> "previously unpublished photos taken by Rudolph or in the case of the Wallace Residence, upon information and belief, photographs Rudolph took during a family trip to see the completed residence."
>
> <u>Interrogatory No. 13 to PRHF/No. 10 to Wagner</u>: Describe with specificity how You verified Your alleged ownership of each photograph in VAu001380158, including but not limited to Your selection process for the photographs, whether You reviewed materials in the possession of the Library of Congress or had correspondence with the Library of Congress, whether You reviewed documentation of work for hire agreements, and how You determined that Paul M. Rudolph took all of the photographs.

(ECF Nos. 148-1 at 3; 148-2 at 3 (the "Interrogatories")).  After PRF's Request was filed, Defendants filed supplemental responses to the Interrogatories (ECF No. 149-2 (the "Amended Responses")).  PRF now concedes that Heritage has now adequately responded to Interrogatory No. 13, but continues to contend that Heritage's response to Interrogatory No. 12 and Wagner's responses to Interrogatory Nos. 9 and 10 remain deficient and to ask the Court to require Defendants to further supplement their Responses.  (ECF No. 150 at 1–2).[1]

During fact discovery, however, Dickinson, the President and CEO of the Paul Rudolph Institute for Modern Architecture ("PRIMA"),[2] testified at length about the Counterclaim, including as to: (i) his perceived authority to register the Copyright; (ii) his process for registering the Copyright; (iii) his process for checking certain of the photographs in the Copyright; (iv) Paul Rudolph's possession of the photographs in the Copyright; (v) Wagner's receipt of the photographs in the Copyright after Paul Rudolph's death; and (vi) his lack of knowledge of which

---

[1] PRF's reply letter appears to contain a typographical error—PRF concedes in its second paragraph that the issue concerning Interrogatory No. 13 is "moot" but in the next and final paragraphs continues to refer to "Interrogatory No. 13."  (ECF No. 150 at 1; <u>see id.</u> at 2 (requesting an "order directing Defendants to supplement their responses to [Heritage] Interrogatory No. 13")).  From the context, the Court infers that PRF intended to refer to Interrogatory No. 12 in these paragraphs.  (<u>See id.</u> at 1 ("Plaintiff maintains that Defendants' responses with respect to [Heritage] Interrogatory No. 12 . . . remain[s] deficient.").
[2] PRIMA is the new name for PRHF.  See https://www.paulrudolph.institute/ (last visited Apr. 26, 2023).

3

photographs were located at the Library of Congress. (ECF No. 149-1 at 6–7, 9–11, 13–15, 24–25, 36–37). Defendants oppose having to provide any further responses to the Interrogatories on the ground that Dickinson's testimony "is complete on the subject" of the dismissed Counterclaim. (ECF No. 149 at 2).

The Court DENIES PRF's Request to require Defendants to further supplement their Responses. As PRF is aware, the Federal Rules of Civil Procedure only permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). By definition, then, the Rules do not permit discovery regarding a claim—here, a Counterclaim—that is no longer in the action. See, e.g., ML Fahion, LLC v. Nobelle GW, LLC, No. 21 Civ. 499 (JCH), 2022 WL 19406186, at *8–9 (D. Conn. Feb. 15, 2022) (denying motion to compel responses to discovery requests concerning dismissed claims); Cupe v. Lantz, 470 F. Supp. 2d 136, 139 (D. Conn. 2007) (denying motion to compel dismissed defendants to respond to plaintiff's discovery requests); Incitti v. Skinner, No. 88 Civ. 601 (HGM), 1994 WL 532527, at *13 (N.D.N.Y. Sept. 14, 1994) (denying motion to compel dismissed defendant to respond to plaintiff's interrogatories); see also Carvel v. Franchise Store Realty Corp., No. 08 Civ. 8938 (JGK) (DF), 2011 WL 13269780, at *1 (S.D.N.Y. June 16, 2011) (noting prior denial of motion to compel defendant's response to interrogatory relating to claims that had been dismissed). PRF provides no authority for its contention that an intended—but unfiled—motion for attorneys' fees and costs under the Copyright Act justifies any additional discovery, nor has the Court found any. Furthermore, even if such discovery were necessary and appropriate under the Rules, the Court finds that Judge McMahon's extensive discussion of the flaws in the Counterclaim, see PRF II, 2022 WL 4109723, at *6–13, combined with Dickinson's

testimony (ECF No. 149-1), and the voluminous documentary record, of which the Court is aware from having presided over the parties' numerous discovery disputes, provides plenty of fertile ground for PRF to attack Defendants' good faith, if and when PRF files a motion for attorneys' fees and costs.

For the reasons set forth above, PRF's Request for a discovery conference is DENIED. No further response from Defendants to the Interrogatories is required, and the Court deems fact discovery closed.  (See ECF No. 141 ¶ 3 (setting April 21, 2023 deadline for completion of fact discovery).  By **May 5, 2023**, the parties shall submit a status report to Judge McMahon advising of their intended next steps in this action.

The Clerk of the Court is respectfully directed to close ECF No. 148.

Dated: New York, New York
April 27, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**